**In re ROGER.**

**No. 85–364–Appeal.**

Supreme Court of Rhode Island.

Feb. 6, 1986.

---

Kevin J. Aucoin, Legal Counsel for Dept. for Children and Their Families Francis B. Brown, Court Appointed Special Advocate (CASA), for petitioner.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for respondent.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on an order directing both the respondent mother and the Department of Children and their Families (DCF) to appear and show cause why this appeal should not be summarily granted or dismissed. The appeal involves the placement

of the three minor children of the mother, all under six years of age.

The mother appeals from a decree of the Family Court removing her three sons from her home. The children had been declared dependent in February 1984 and were committed to the care, custody and control of DCF. A series of "reviews" were held throughout 1984. On November 30, 1984, the Family Court, in response to the mother's motion, ordered that the children be placed with her. This placement with the mother was accompanied by a plan directing that the children receive special social services. A later decree was issued continuing the placement with the mother and requiring her to comply with certain conditions. Those conditions included sending the school-aged children to school, refraining from placing them with babysitters for prolonged periods of time and providing a stable home. Physical placement of the children remained with the mother until May 3, 1985. On that day, a decree was entered in response to a motion filed by DCF that was argued on April 22, 1985. The motion was to modify the previous order placing the children in their mother's home. DCF contended that the conditions imposed in the earlier order were not met and that the children should be removed.

After hearing arguments by counsel for both DCF and the mother, the trial justice ruled that a sufficient change in circumstances had occurred to require modification of the previous order. The mother's attorney immediately requested "an evidentiary hearing where the Department can establish the allegations that are contained in their petition and through their representations today." The request was denied. The mother then moved to vacate the May 3, 1985 decree. This request was also denied. She then moved for a change of placement back to her home based upon a change of circumstances. A full evidentiary hearing was held on that motion a month later. It too was denied.

██ The evidentiary hearing on the mother's request for return of placement

to her based upon a change of circumstances, in our opinion, unfairly shifted the burden of proof to the mother. Had the evidentiary hearing occurred on April 22, when DCF moved for the change of placement, the burden would have been on DCF to prove its allegations. From the evidence that came out of the hearing that was held, it is clear to us that on April 22, DCF probably would have failed to establish a sufficient change in circumstances to require a modification of the placement with the mother.

First, DCF asserted that the mother had failed to send the children to school for two days. In fact, they had missed two days because they had missed the bus. The mother, however, provided a credible explanation. DCF never attempted to show that the mother was able to get the children to school, despite their missing the bus, or that she willfully had failed to do so.

DCF also took issue with the fact that the mother, without first notifying DCF, permitted the older boy to visit his father and grandparents in Massachusetts during a one-week school vacation. This stay began on a Friday. The mother notified DCF on Monday and the caseworker testified that she knew precisely where the boy was and how to reach him if necessary. DCF claimed that this did not show "stability," and objected to this visit because of an outstanding order restraining the father from physically abusing the mother. However, there had never been any allegation that the father had been abusive to the children, nor was there any incident during the one-week stay. Moreover, at the hearing the DCF caseworker testified that the children are "constantly asking for the fa-

ther" and that as a result of this visitations with him had been set up, although supervised.

Finally, DCF alleged that the mother had placed the children with a babysitter for a prolonged period. The babysitter was an approved DCF foster home mother. The mother testified that the children had spent four days there while she was having domestic problems with the children's father, problems which had given rise to the restraining order against him. The mother felt that the children's emotional health would be better served if they were out of the home for those few days. DCF was fully notified as to this arrangement as well.

█ It appears to us that the mother did not act unreasonably and kept DCF fully informed. In this particular case it seems apparent that if a hearing had been held before the change in placement on May 3, the change would not have been warranted.[1]

For these reasons, the appeal of the mother is sustained. The order appealed from is vacated, and the papers of this case are remanded to the Family Court for further proceedings.

KELLEHER and WEISBERGER, JJ., did not participate.

---

1. We must note that when DCF took over physical placement on May 3, it put the boys in emergency shelters where they remained until May 17. The youngest child remained separated from his brothers until a few days before the May 23 hearing. After DCF took physical custody of the children, they were removed from school entirely. In the next six weeks of DCF placement, both of the older boys missed five weeks of school.