**In re ANTHONY C.**

**No. 92–75–Appeal.**

Supreme Court of Rhode Island.

Sept. 30, 1992.

Edward P. Nolan, Jr., Coia & Lepore, Providence, for petitioner.

Paul A. Fontaine, Fontaine & Croll., Ltd., Woonsocket, for respondent.

## OPINION

PER CURIAM.

On September 15, 1992, the parties appeared before a panel of this court to show cause why the petitioner's appeal from the decision of the Family Court denying the petitioner's motion for a change of custody should not be summarily decided. The facts of the case insofar as pertinent to this appeal are as follows.

The petitioner, Gail C., is the natural mother of Anthony C. (Anthony), who was born on October 24, 1987. The petitioner was sixteen-years of age when Anthony was born and admitted that she was young, confused, and "didn't know really what to do" with her newborn son. On April 13, 1988, the Family Court entered an ex parte order granting temporary custody of Anthony to petitioner's mother, Donna C. (respondent). Pursuant to an agreement between petitioner and respondent, the Family Court extended the custody order "until further order of the Court." This arrangement worked reasonably well until respondent obtained the court's permission to move with Anthony to Las Vegas, Nevada. In an effort to prevent the move from Rhode Island, petitioner filed a motion to change custody of her son. At a hearing before the general master that extended over several dates in 1991, petitioner testified to the following: that she currently held a full-time job with the same company she had worked for since May 1988, that she had arranged for steady day care and occasional baby-sitting for Anthony, that she lived in a two-bedroom apartment with a back yard, and that she loved her son and wanted the chance to raise him and watch him grow. The petitioner's employer also testified at the hearing, stating that petitioner had taken on additional responsibilities at work and that she was "very competent." Additionally the Family Court's investigative unit performed an in-depth investigation into petitioner's present circumstances and found her to be "a fit and proper parent with appropriate living circumstances."

The general master terminated the hearing before it was completed and indicated that he was ready to decide the case. In a bench decision rendered several weeks later, he denied petitioner's motion for change of custody. Although impressed with petitioner's efforts, the general master indicated that petitioner had not gone "far enough" in showing a sufficient change in circumstances and that it was in Anthony's best interest to remain with respondent.

■ In reaching this decision, the general master applied the same standard used for a change-of-custody motion in a typical divorce case. Under this standard the general master viewed petitioner as having the burden of showing a change in circumstances that, in the child's best interest, warranted a change of custody. *See Pettinato v. Pettinato*, 582 A.2d 909 (R.I.1990); *In re Roger*, 503 A.2d 1131 (R.I.1986). The case at bar differs, however, in that petitioner's original relinquishment of Anthony was wholly voluntary. The petitioner had willingly agreed to the order granting temporary custody to respondent because petitioner was immature, confused, and did not know what to do with her newborn son. In light of these unique conditions, we are of the opinion that a natural mother who has voluntarily relinquished custody of her child on a temporary basis need not show such a dramatic change in circumstances that would warrant a change in custody in the child's best interest. On the contrary, this court believes that a mother who voluntarily surrenders temporary custody of her child should be held to the lesser standard of showing a change in the circumstances that prompted her initially to surrender custody.

■ Applying this lesser burden to the case at hand, we find that petitioner has presented clear and unequivocal evidence that refutes the immaturity that had induced her to relinquish custody of Anthony to respondent. As the aforementioned testimony indicates, petitioner is now twenty-one years of age, holds a full-time job, and lives in a two-bedroom apartment. The Family Court investigative unit has deemed petitioner to be a "fit and proper person with appropriate living circumstances," and more importantly, petitioner has expressed a genuine desire to raise her child and watch him grow.

The court feels compelled to point out that, in our opinion, the evidence of the petitioner's change in circumstances is so great that it satisfies even the higher standard imposed by the general master at trial. Furthermore, the respondent's moving to Nevada with Anthony has reduced the petitioner's ability to interact with her son on a regular basis. Beyond the evidence presented by the petitioner, this court cannot think of what further efforts the petitioner would have to make before a change of custody would be deemed appropriate.

Consequently we sustain the petitioner's appeal and reverse the judgment of the Family Court.

MURRAY, J., did not participate.